**UNITED STATES of America**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

June 27, 1978.

---

U. S. Dept. of Justice, Antitrust Division, Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

EDELSTEIN, Chief Judge.

Defendant has moved this court for an order directing plaintiff to state the issues which it claims remain in this case or for the court itself to specify the issues in this case.

Defendant argues that if this motion is denied it "will be prejudiced in the most fundamental way in the conduct of its defense."[1] This argument is predicated upon defendant's contention that there have been "many new matters raised by plaintiff during the course of the trial"[2] and that these "matters are outside the scope of the pleadings, as amended, and any other paper written by plaintiff purporting to give notice of the claims it would assert at the trial."[3]

Plaintiff, in response, notes that "the issues that IBM likes to describe as the 'New Issues' were included in the Government's September 1974 Statement of Triable Issues."[4] Plaintiff further states that:

IBM has had the Government's Statement of Triable Issues since September 1974, and well knew what the issues (including the so-called 'New Issues') were long prior to that time. . . . *No issues have been added* to the September 1974 Statement of Triable Issues. (emphasis added).[5]

The amended pleadings and the September 1974 Statement of Triable Issues have provided defendant with explicit notice of the issues in this case. Accordingly, there is no justification for ordering plaintiff to expend its resources by providing defendant once again with a statement of issues.

Defendant has frequently argued, albeit by different means, its contention that new matters have been raised during plaintiff's direct case. The court has dealt with defendant's contention through many evidentiary rulings at trial and by written opinion, most recently the opinion of April 11, 1978 denying defendant's motion for an order granting a mistrial or, in the alternative, an order granting a continuance of the trial. Renewal of this theme, in the instant motion, fails once more to persuade this court that the testimony adduced and documentary evidence presented during plaintiff's direct case is beyond the issues as to which defendant has received fair notice.

The record not only has clearly made defendant very much aware of the case against it but also demonstrates defendant's awareness of the issues in this case. Defendant is clearly in a position to present its direct case in a narrow and focused manner.

Defendant's motion is denied.

So ordered.

---

1. Affidavit (No. 4) of Thomas D. Barr in Support of the Instant Motion, dated February 24, 1978 (hereinafter Barr Affidavit) at ¶ 5.

2. Barr Affidavit at ¶ 3.

3. Barr Affidavit at ¶ 3.

4. Plaintiff's Memorandum in Response to the Instant Motion (hereinafter Plaintiff's Memorandum) at 3.

5. Plaintiff's Memorandum at 6.